IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-73-FL

| | |
|---|---|
| PAMELA MELVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA; ) | |
| GUARDIAN HART MEDICAL CARE; ) | |
| TRACY NAYLOR also known as TRACY ) | ORDER |
| HAUKER; GINGER HUNSUCKER; ) | |
| KATHY REED; VENKATA G. ) | |
| BOODULURI; MASSEY HILL DRUG ) | |
| COMPANY, INC.; MASSEY HILL ) | |
| PHARMACY, LLC; and JONNA ) | |
| SQUIRES; ) | |
| ) | |
| Defendants. | |

This matter is before the court on plaintiff's response to court order dated September 29, 2017, which the court construes as including a motion for reconsideration brought under Federal Rule of Civil Procedure 54(b). (DE 108). Also before the court is response of defendant United States of America ("United States") to the court's September 29, 2017, order (DE 107), and plaintiff's motion to seal (DE 103). In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants in part and denies in part plaintiff's motion for reconsideration and motion to seal.

**BACKGROUND**

The court refers to and incorporates statements of the case and facts provided in its previous orders. Pertinent here, plaintiff, proceeding pro se, initiated this action on February 22, 2016

against the United States, Guardian Hart Medical Care ("Guardian"), Tracy Naylor ("Naylor"), Ginger Hunsuker ("Hunsucker"), Kathy Reed ("Reed"), Venkata G. Booduluri ("Booduluri"), Massey Hill Drug Company, Inc. ("MHDC"), Massey Hill Pharmacy, LLC ("MHP"), and Jonna Squires ("Squires").

Plaintiff asserted a claim for negligence against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. for its alleged failure to provide plaintiff medical care at a Veterans Health Administration ("VHA") facility. Plaintiff also asserted common law breach of contract and conspiracy claims against defendant Guardian. Plaintiff asserted various conspiracy claims against the remaining defendants.[1]

On September 13, 2016, plaintiff filed a motion for entry of default against defendant Guardian. Pursuant to Federal Rule of Civil Procedure 55(a), the court granted that motion on November 23, 2016.

On October 4, 2016, the United States filed a motion for summary judgment against plaintiff on the basis that plaintiff's claim was time-barred, or in the alternative, without merit. Prior to filing response to the United States's motion for summary judgment, plaintiff filed a number of motions, including three motions to stay, a motion for subpoenas, and a motion for default judgment, or alternatively a motion for partial summary judgment against the United States.[2]

By text order dated May 4, 2017, the court denied plaintiff's third motion to stay, and

---

[1] Specifically, plaintiff asserted common law conspiracy claims against defendants MHDC and MHP. Plaintiff asserted claims for conspiracy to violate civil rights, in violation of 42 U.S.C. § 1985, against defendants Naylor, Hunsucker, Reed, Booduluri, and Squires.

[2] From October 27, 2016, to April 3, 2017, plaintiff filed three separate motions to stay. (DE 36, 44, 55). The court denied all three motions, however where the first two motions to stay alternatively sought an extension of time to respond to the United States's motion for summary judgment, the court granted that relief.

directed plaintiff to file any further response to the United States's motion for summary judgment, beyond the scope of her motion for subpoenas and motion for default judgment by May 14, 2017. Over the United States's objection, the court ultimately extended plaintiff's response time to May 30, 2017.

On May 30, 2017, plaintiff filed a second motion for partial summary judgment, alternatively motion for default judgment against the United States, with several exhibits attached thereto. That same date, plaintiff filed response to the United States's motion for summary judgment. On June 12, 2017, plaintiff filed a third motion for summary judgment against the United States.

On June 13, 2017, the United States filed a motion to strike several of plaintiff's filings.[3] Thereafter plaintiff filed two separate motions for judgment on the pleadings against the United States (DE 86, 88), two motions for sanctions against the United States (DE 89, 100), a motion for default judgment against defendant Guardian (DE 102), a motion for recusal (DE 104), and a motion for protective order (DE 105). On September 11, 2017, plaintiff filed the instant motion to seal. (DE 103).

On September 29, 2017, the court entered an order denying plaintiff's various dispositive motions against the United States and granting the United States's motion for summary judgment. (DE 106). The court also denied as moot plaintiff's motion for subpoenas, plaintiff's motion for protective order, and the United States's motion to strike. With regard to defendant Guardian, the court set aside its prior entry of default and denied plaintiff's motion for default judgment on the basis that plaintiff failed to allege sufficient facts to establish claims for breach of contract and civil

---

[3] The United States sought to strike plaintiff's statement of material facts to her motion for partial summary judgment (DE 75), plaintiff's notice of corrections to affidavit filed in support of her motion for partial summary judgment (DE 76), plaintiff's declaration supporting her response to the United States's motion for summary judgment (DE 77), and plaintiff's motion for summary judgment and exhibits attached thereto (DE 78; 79).

3

conspiracy against defendant Guardian. The court's order did not specifically address plaintiff's motion to seal.

The court's September 29, 2017, order also provided two directives to the parties. First, where the order relied upon sealed documents, the court directed the parties to jointly submit to the court a copy of its order marked to reflect any perceived necessary redactions. Upon the court's inspection and approval, a redacted copy of the sealed order would be made part of the public record. Second, where plaintiff failed to effect service upon defendants Naylor, Hunsuker, Reed, Booduluri, MHDC, MHP, and Squires (together, the "unserved defendants"), the court directed plaintiff to show cause within 21 days why the court should not dismiss her case against the unserved defendants for failure to perfect service. The court indicated that failure by plaintiff to show cause within the appropriate time would result in dismissal without prejudice against the unserved defendants.

On October 13, 2017, plaintiff filed the instant response to the court's September 29, 2017 order, with a proposed redacted copy of the court's order attached thereto. Where plaintiff's response and proposed redactions consist of objections to the court's September 29, 2017, order, the court construes plaintiff's response as a motion for reconsideration. Pursuant to the court's directive, the United States filed response to the court's September 29, 2017, order on October 16, 2017. Where the court's sealed September 29, 2017, order does not reference any confidential medical information not already available on the public record, the United States contends that no text in the order should remain under seal.

## COURT'S DISCUSSION

A.   Motion to Seal

Plaintiff seeks to seal several exhibits which are attached to her motion for default judgment against defendant Guardian. (See DE 102-2; 102-3; 102-4; 102-6; 102-7; 102-8; 102-9; 102-10; 102-11; 102-12; 102-13; and 102-14).

After examining the exhibits at issue, the court finds that those exhibits consisting of plaintiff's medical records and bills (DE 102-6; 102-7; 102-8; 102-9; 102-10; 102-11; 102-13; and 102-14) contain confidential information about plaintiff's medical condition and treatment. Accordingly, to the extent plaintiff seeks to seal the medical records and bills attached to her motion for default judgment against defendant Guardian, the court grants plaintiff's motion.

However, the court denies plaintiff's motion as it relates to the remaining exhibits. Defendant Guardian's referral (DE 102-12),[4] correspondence from the United States Postal Service (DE 102-2), and the affidavits of defendants Naylor and Squires (DE 102-3 and 102-4) do not contain confidential information about plaintiff's medical conditions(s) or treatment. Therefore, the court denies plaintiff's motion to seal with respect to those exhibits. (DE 102-2; 102-3; 102-4; and 102-12).

B.   Redactions to the Court's September 29, 2017 Order

The court next addresses whether any text in its September 29, 2017, order should remain under seal. As noted herein, in its September 29, 2017, order, the court directed the parties to jointly return a copy of the order marked to reflect any perceived necessary redactions. Following entry

---

[4] Defendant Guardian's referral states that plaintiff is referred "to be evaluated . . . for Rheumatoid Arthritis." (DE 102-12). Where the public record indicates that plaintiff has rheumatoid arthritis, the court does not find that reference to this medical condition warrants sealing this exhibit.

of the order, the parties filed separate responses regarding their respective perceived redactions. The United States contends that no text should remain under seal. The United States argues that where references to sealed materials in the court's September 29, 2017, order do not reveal any information concerning plaintiff's medical condition and treatment not already on the public record, no redactions from that order are warranted. Plaintiff proposes several necessary redactions.[5]

After considered review of the parties' respective filings, the court is satisfied that no text in its September 29, 2017, order should remain under seal. There are two sealed entries on the court's docket.[6] The first is defendant United States's appendix to its statement of material facts in support of its motion for summary judgment. (DE 32). The appendix consists of the affidavit of Archie McLaughlin,[7] the VHA Handbook policy concerning the use of the Primary Care Management Module ("PCMM") at VHA Primary Care facilities, plaintiff's appointment scheduling records and notes from the Fayetteville Veterans Affairs Medical Center ("FVAMC") and Durham Veterans Affairs Medical Center ("DVAMC"), email correspondence sent from plaintiff to various individuals associated with the United States Department of Veterans Affairs (the "VA"),[8] and certain medical records from the FVAMC. The second sealed docket entry is an exhibit attached to plaintiff's motion to stay dated January 19, 2017. (DE 45). The exhibit consists of plaintiff's

---

5   Plaintiff's proposed redactions do not address confidential medical information. Rather, plaintiff proposes redacting certain substantive statements contained in the court's September 29, 2017, order. The court addresses plaintiff's objections in its analysis of what the court construes as plaintiff's motion for reconsideration.

6   This order grants in part plaintiff's motion to seal certain exhibits attached to her motion for default judgment against defendant Guardian. Importantly, the court does not reference any of these exhibits in its September 29, 2017, order.

7   Archie McLaughlin serves as the Administrative Officer for the Primary Care Service Line and Primary Care Clinics for the FVAMC. (DE 32, p. 3).

8   This document was filed partially redacted.

medical records from a December 16, 2016, visit to NextCare Urgent Care and the affidavit of Melody Melvin.[9]

Review of the court's September 29, 2017, order reveals that no confidential information concerning plaintiff's medical records or history from these sealed items is contained therein. First, there are no references in the court's order to the exhibit attached to plaintiff's January 19, 2017, motion to stay. (DE 45). Concerning the United States's appendix filed at docket entry 32, the court's order primarily cites the VHA Handbook and FVAMC records of plaintiff's appointments. As indicated by the United States, the VA's policies are published, therefore the court need not seal any text containing citations thereto. Additionally, references to plaintiff's scheduling records with the FVAMC do not require redaction where such references do not reveal confidential information about plaintiff's medical condition(s) and treatment. To the extent the court's citations to docket entry 32 reveal details about plaintiff's medical condition(s) and/or treatment, such details are provided in other records on the court's public docket. Accordingly, no text from the court's September 29, 2017, order should remain under seal.

C.  Motion for Reconsideration

1.  Standard of Review

Unless certified as final, "any order or other decision, however designated that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] district court retains the power to reconsider and modify its interlocutory judgments, including

---

[9] Melody Melvin is plaintiff's daughter-in-law. Melody Melvin accompanied plaintiff to NextCare Urgent Care on December 16, 2016, and offers testimony regarding details of that doctor's visit.

partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion cannot be cabined by the 'heightened standards for reconsideration' governing final orders." Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 832 (4th Cir. 2011) (quoting Am. Canone Ass'n, 326 F.3d at 514–15); see also Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991) (stating that interlocutory orders "are within the plenary power of the Court that rendered them to afford such relief from them as justice requires.").

2. Analysis

Plaintiff contends that the court's September 29, 2017, order should be vacated on the basis that the court misapplied law, fabricated facts, and relied on fraudulent documents in reaching its conclusions. Many issues plaintiff now raises previously were addressed in the court's September 29, 2017, order, and the court rests on its prior analysis of such issues. To the extent plaintiff raises new arguments, such arguments are addressed below.

First, plaintiff claims that the court improperly denied her motion for summary judgment against the United States, and granted defendant's motion, where (1) VA policy, VHA Directive 2010-027, VHA Outpatient Scheduling Processes and Procedures ("VHA Directive"), prohibits the VA from placing plaintiff on a waiting list; and (2) she was not aware of deformities to her joints, and therefore her claim did not accrue, until October 2013.

In its September 29, 2017, order the court found that plaintiff's claim "would have accrued sometime in 2011, well-outside the relevant accrual period, or August 17, 2012 to August 17, 2014." (DE 106, p. 15). In her response, plaintiff concedes that her "claim alleges that [the] VA failed to

8

provide her medical treatment by failing and refusing to assign her a primary care clinic." (DE 107, p. 34). Plaintiff also concedes that because the FVAMC re-assigned her "into the Women Clinic . . . on August 15, 2015 . . . . she did not have to wait to be assigned a primary care clinic as newly enrolled veterans have to wait." (Id.). Plaintiff further states that in her complaint, she "alleged . . . that the VA denied her a primary care clinic starting in 2010." (Id. at 45).

Plaintiff's claim for negligence against the United States is based on its "fail[ure] to provide her medical treatment by failing and refusing to assign her a primary care clinic." (Id. at 34). Assuming that a claim for unreasonable delay in scheduling an appointment could arise waiting a year or more on the wait list, the court found that plaintiff's damage, or failure to be assigned a primary care clinic within a reasonable time, would have accrued, "at the very latest . . . in 2011." (DE 106, p. 15). Contrary to plaintiff's suggestion, her damages would not have accrued at the time she was made aware of deformities in her joints.[10] Since plaintiff did not file her administrative claim until August 17, 2014, her FTCA claim against the United States is time-barred. See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless [the claim] is presented . . . to the appropriate federal agency after [the] claim accrues."). The United States's compliance with the VHA Directive has no bearing on whether her claim is time-barred. Accordingly, plaintiff fails to provide any basis for the court reconsider its dismissal of plaintiff's FTCA claim against the United States.[11]

---

[10] Even if plaintiff's claim did accrue in October 2013, the court properly dismissed plaintiff's claim on the merits. In her complaint, plaintiff alleges that as of "August 28, 2012, there were no visible signs of deformities in the joints of [her] hands." (DE 1 ¶ 26). Plaintiff fails to provide sufficient evidence that the United States's failure to assign her a primary care clinic starting in 2010, was the proximate cause of deformities she developed three years later in October 2013. (See DE 106, p. 16).

[11] Plaintiff also asserts that the court fabricated facts and relied on fraudulent documents. To the extent plaintiff disputes the recitation of facts in the court's September 29, 2017, order, plaintiff's objections do not alter the court's analysis or conclusions. For example, in her response, plaintiff alleges that she began receiving treatment from

9

Second, plaintiff contends that the court improperly denied her motion for default judgment against defendant Guardian. Plaintiff asserts that defendant Guardian had a duty to make a sufficient referral, or "one that would result in [her] receiving medical treatment by a Rheumatologist." (DE 107, p. 13). Plaintiff argues that "[b]ecause the first [referral] was not sufficient, [defendant] Guardian . . . had the duty to make another." (Id.).

Reconsideration is warranted with respect to the court's prior ruling setting aside entry of default against defendant Guardian. Rule 55(a) provides that entry of default is required by the clerk "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend [an action], and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The record indicates that defendant Guardian was served through the North Carolina Secretary of State on August 2, 2016. (See DE 25-4). Where defendant Guardian has not filed answer or other response, the court vacates its ruling setting aside entry of default against defendant Guardian.[12]

With regard to the court's denial of plaintiff's motion for default judgment, pursuant to the terms of its agreement with plaintiff, defendant Guardian provided plaintiff a referral to Carolina Rheumatology. As previously addressed in its September 29, 2017, order, "[t]hat plaintiff was ultimately denied an appointment with Dr. Garg does not establish that defendant Guardian breached

---

the FVAMC in 1978, not in 1991. This fact however, has no effect on the court's analysis of plaintiff's FTCA claim. Plaintiff also asserts that she did not "believe" that she was re-assigned to the Women Clinic on August 15, 2010, but rather she was in fact re-assigned. This fact likewise does not alter the court's analysis.

12  Defendant Guardian's default does not conclusively establish plaintiff's right to recover against it. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citing Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotations omitted)). Rather, upon entry of default, defendant Guardian is only deemed to "admit[] the plaintiff's well-pleaded allegations of fact." Id. Reinstatement of default is of no effect where plaintiff is required by this order to serve any amended complaint on defendant Guardian, which service will start anew defendant Guardian's response time.

its . . . duty to provide a referral." (DE 106, p. 22). Furthermore, evidence provided by plaintiff does not establish that defendant Guardian had a duty to ensure that plaintiff received treatment for her rheumatoid arthritis. Rather, the evidence only suggests that defendant Guardian had a duty to ensure that plaintiff was referred to a rheumatologist for treatment of her rheumatoid arthritis. The referral defendant Guardian made to Carolina Rheumatology satisfies this duty.[13] (See DE 102-2). Thus, plaintiff fails to provide sufficient basis for the court to reconsider its denial of plaintiff's motion for default judgment against defendant Guardian.

However, where the court engaged in sua sponte analysis of plaintiff's claims against defendant Guardian to determine whether plaintiff stated a claim upon which default judgment may be entered, the court, in its discretion, grants plaintiff leave to file amended complaint as to her claims against defendant Guardian only. See Silvers v. Iredell Cty Dep't of Social Servs., No. 5:15-CV-00083-RLK-DCK, 2016 WL 427953, at *16 (W.D.N.C. Feb. 3, 2016) (citing Singleton v. Dean, 611 Fed. Appx. 671, 671 (11th Cir. Aug. 4, 2015)) ("Prior to dismissing an action *sua sponte* [based on the district court's determination that, after a review of the complaint's allegations, default judgment is not warranted], a court must provide the plaintiff with notice of its intent to dismiss and opportunity to respond." (internal citations omitted)).

Lastly, plaintiff argues that the court's September 29, 2017, order prevented investigation of a judicial misconduct complaint, made pursuant to 28 U.S.C. § 351 et seq. The court, however, addressed the merits of issues raised by the motions before the court. If plaintiff filed a judicial misconduct complaint, to be addressed by the judicial council of the United States Court of Appeals

---

13 Plaintiff argues that the referral was improper because it was not signed, it was not addressed specifically to a rheumatologist, and was made for evaluation of her rheumatoid arthritis, not treatment of it. Where Dr. Garg, a rheumatolgist, reviewed plaintiff's medical record prior to deciding not to accept her for treatment, plaintiff's arguments are without merit.

for the Fourth Circuit, that court and not the district court is the proper forum to decide issues related to such complaint. In sum, plaintiff fails to provide a proper basis for reconsideration of the court's September 29, 2017, order.

D.   Failure to Obtain Service

In its September 29, 2017, order, the court directed plaintiff to show cause within 21 days why she had not perfected service upon the unserved defendants. In her response to the court's order, plaintiff fails to provide any explanation for her failure to serve the unserved defendants. Where the court noticed plaintiff that failure to show cause within 21 days would result in dismissal of her claims against the unserved defendants without prejudice, the court dismisses such claims.

## CONCLUSION

Where plaintiff failed to show cause within the appropriate time for her failure to perfect service upon defendants Tracy Naylor, Ginger Hunsuker, Kathy Reed, Venkata G. Booduluri, Massey Hill Drug Company, Inc., Massey Hill Pharmacy, LLC, and Jonna Squires, plaintiff's claims against those defendants are DISMISSED WITHOUT PREJUDICE.

Plaintiff's motion to seal (DE 103) is DENIED IN PART AND GRANTED IN PART. The clerk is DIRECTED to unseal the following exhibits attached to plaintiff's motion for default judgment against defendant Guardian: Postal Letter dated 11/17/15 (DE 102-2); Declaration of Tracy Naylor ( DE 102-3); Declaration of Jonna Squires ( DE 102-4); and Referral Letter from Guardian Care (DE 102-12). The clerk is also DIRECTED to unseal the court's September 29, 2017, order. (DE 106).

Based on the foregoing, plaintiff's response, which the court construes as including a motion for reconsideration of the court's September 29, 2017, order is DENIED IN PART AND GRANTED

IN PART. (DE 107). The court's prior denial of plaintiff's various dispositive motions against the United States, its allowance of the United States's motion for summary judgment, the court's denial of her motion for recusal, and its denial of plaintiff's motion for default judgment against defendant Guardian, among other rulings made September 29, 2017, remain IN FORCE AND EFFECT. The court, however, GRANTS plaintiff's motion for reconsideration to the extent plaintiff seeks to vacate the court's prior order setting aside entry of default against defendant Guardian.

Plaintiff is GRANTED LEAVE to file amended complaint against Guardian Hart Medical Care within 30 days from date of entry of this order. Should plaintiff choose to proceed against Guardian Hart Medical Care, she must properly serve this defendant in accordance with Federal Rule of Civil Procedure 4, where reinstatement of entry of default with respect to complaint filed February 12, 2016, is of no consequence. The court further ORDERS plaintiff to serve together with any amended complaint a copy of this order on defendant Guardian, and to affirm compliance with these requirements in her return of service. Pursuant to Federal Rule of Civil Procedure 15(a)(3), defendant Guardian's response to any amended complaint referenced herein shall be due 21 days after service thereof.

Plaintiff is NOTICED that her failure to file amended complaint within the appropriate time or failure to serve defendant Guardian timely, absent court-ordered time extension, will result in dismissal of her claims against defendant Guardian with prejudice, and the closing of this case.

SO ORDERED, this the 20th day of November, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge