IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-73-FL

| | |
|---|---|
| PAMELA MELVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA; | ) |
| GUARDIAN HART MEDICAL CARE; | )   ORDER |
| TRACY NAYLOR also known as TRACY | ) |
| HAUKER; GINGER HUNSUCKER; | ) |
| KATHY REED; VENKATA G. | ) |
| BOODULURI; MASSEY HILL DRUG | ) |
| COMPANY, INC.; MASSEY HILL | ) |
| PHARMACY, LLC; and JONNA | ) |
| SQUIRES; | ) |
| | ) |
| Defendants. | |

This matter comes before the court on various motions filed by plaintiff. Pending now before the court is plaintiff's motion for miscellaneous relief (DE 116), motion to add as defendant the Department of Veterans Affairs (DE 118), and motion to vacate court orders dated September 29, 2017, and November 20, 2017. (DE 119). Also pending are plaintiff's motion for entry of default (DE 121) and motion for preliminary injunction (DE 122). The issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for miscellaneous relief, motion to amend complaint, motion to vacate, motion for entry of default, and motion for preliminary injunction are denied.

BACKGROUND

The court refers to and incorporates statements of the case and facts provided in its previous orders. Pertinent here, plaintiff, proceeding pro se, initiated this action on February 22, 2016 against the United States, Guardian Hart Medical Care ("Guardian"), Tracy Naylor ("Naylor"), Ginger Hunsuker ("Hunsucker"), Kathy Reed ("Reed"), Venkata G. Booduluri ("Booduluri"), Massey Hill Drug Company, Inc. ("MHDC"), Massey Hill Pharmacy, LLC ("MHP"), and Jonna Squires ("Squires"). Plaintiff asserted a claim for negligence against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. for its alleged failure to provide plaintiff medical care at a Veterans Health Administration ("VHA") facility. Plaintiff also asserted common law breach of contract and conspiracy claims against defendant Guardian. Plaintiff asserted various conspiracy claims against the remaining defendants.[1]

On September 13, 2016, plaintiff filed a motion for entry of default against defendant Guardian. Pursuant to Federal Rule of Civil Procedure 55(a), the court granted that motion on November 23, 2016.

On October 4, 2016, the United States filed a motion for summary judgment against plaintiff on the basis that plaintiff's claim was time-barred, or in the alternative, without merit. Prior to filing response to the United States's motion for summary judgment, plaintiff filed a number of motions, including three motions to stay, a motion for subpoenas, and a motion for default judgment against

---

[1] Specifically, plaintiff asserted common law conspiracy claims against defendants MHDC and MHP. Plaintiff asserted claims for conspiracy to violate civil rights, in violation of 42 U.S.C. § 1985, against defendants Naylor, Hunsucker, Reed, Booduluri, and Squires.

the United States, alternatively a motion for partial summary judgment.[2]

By text order dated May 4, 2017, the court denied plaintiff's third motion to stay, and directed plaintiff to file any further response to the United States's motion for summary judgment, beyond the scope of her motion for subpoenas and motion for default judgment by May 14, 2017. Over the United States's objection, the court ultimately extended plaintiff's response time to May 30, 2017.

On May 30, 2017, plaintiff filed a second motion for partial summary judgment, alternatively motion for default judgment against the United States, with several exhibits attached thereto. That same date, plaintiff filed response to the United States's motion for summary judgment. On June 12, 2017, plaintiff filed a third motion for summary judgment against the United States.

On June 13, 2017, the United States filed a motion to strike several of plaintiff's filings.[3] Thereafter plaintiff filed two separate motions for judgment on the pleadings against the United States (DE 86, 88), two motions for sanctions against the United States (DE 89, 100), a motion for default judgment against defendant Guardian (DE 102), a motion for recusal (DE 104), and a motion for protective order (DE 105). On September 11, 2017, plaintiff filed a motion to seal. (DE 103).

On September 29, 2017, the court entered an order denying plaintiff's various dispositive motions against the United States and granting the United States's motion for summary judgment. (DE 106). The court also denied as moot plaintiff's motion for subpoenas, plaintiff's motion for

---

2   From October 27, 2016, to April 3, 2017, plaintiff filed three separate motions to stay. (DE 36, 44, 55). The court denied all three motions. However, where the first two motions to stay alternatively sought an extension of time to respond to the United States's motion for summary judgment, the court granted that relief.

3   The United States sought to strike plaintiff's statement of material facts to her motion for partial summary judgment (DE 75), plaintiff's notice of corrections to affidavit filed in support of her motion for partial summary judgment (DE 76), plaintiff's declaration supporting her response to the United States's motion for summary judgment (DE 77), and plaintiff's motion for summary judgment and exhibits attached thereto (DE 78; 79).

protective order, and the United States's motion to strike. With regard to defendant Guardian, the court set aside its prior entry of default and denied plaintiff's motion for default judgment on the basis that plaintiff failed to allege sufficient facts to establish claims for breach of contract and civil conspiracy against defendant Guardian. The court's order did not specifically address plaintiff's motion to seal.

The court's September 29, 2017, order also provided two directives to the parties. First, where the order relied upon sealed documents, the court directed the parties to jointly submit to the court a copy of its order marked to reflect any perceived necessary redactions. Upon the court's inspection and approval, a redacted copy of the sealed order would be made part of the public record. Second, where plaintiff failed to effect service upon defendants Naylor, Hunsuker, Reed, Booduluri, MHDC, MHP, and Squires (together, the "unserved defendants"), the court directed plaintiff to show cause within 21 days why the court should not dismiss her case against the unserved defendants for failure to effect service. The court indicated that failure by plaintiff to show cause within the appropriate time would result in dismissal without prejudice against the unserved defendants.

On October 13, 2017, plaintiff filed response to the court's September 29, 2017, order, which the court construed as including a motion for reconsideration brought under Federal Rule of Civil Procedure 54(b). By order dated November 20, 2017, the court denied plaintiff's motion for reconsideration, except that limited portion which sought to vacate the court's prior order setting aside entry of default against defendant Guardian. To the extent plaintiff sought to vacate the court's prior order setting aside entry of default against defendant Guardian, the court granted plaintiff leave to file amended complaint against defendant Guardian only. The court noticed plaintiff that failure

4

to file amended complaint or failure to serve defendant Guardian would result in dismissal of her claims against defendant Guardian with prejudice, and the closing of the case. Where plaintiff failed to show cause within the appropriate time for her failure to effect service upon defendants MHDC, MHP, Naylor, Hunsucker, Reed, Booduluri, and Squires, the court dismissed plaintiff's claims against those defendants.

On December 20, 2017, plaintiff filed a motion for clarification of the court's November 20, 2017, order and motion for extension of time to file amended complaint against defendant Guardian. By order dated December 22, 2017, the court denied plaintiff's motion for clarification. To the extent plaintiff sought to add additional defendants in her amended complaint, the court denied plaintiff's motion. However, the court allowed plaintiff up to January 22, 2018, to file amended complaint against defendant Guardian, which deadline the court ultimately extended to February 22, 2018.

On February 6, 2018, plaintiff filed the instant motion for miscellaneous relief, seeking from the court information regarding Tracy Naylor's address. (DE 115, corrected at DE 116). On February 22, 2018, plaintiff filed amended complaint against defendant Guardian.[4] That same date, plaintiff filed the instant motion to add the department of Veterans Affairs as defendant as well as a motion to vacate the court's September 29, 2017, and November 20, 2017, orders. (DE 119).

On May 14, 2018, plaintiff filed a motion for entry of default against defendant Guardian. Thereafter, on June 12, 2018, plaintiff filed the instant motion for preliminary injunction. (DE 122).

---

[4] The court previously allowed plaintiff leave to file amended complaint against defendant Guardian only. In her amended complaint, plaintiff also asserts claims against the United States and the Department of Veterans Affairs. Plaintiff has filed a motion to add the Department of Veterans Affairs to this action. That motion is addressed further herein.

DISCUSSION

A.      Motion for Miscellaneous Relief (DE 116)

Plaintiff seeks from the court information regarding Tracy Naylor's ("Naylor") address to effect service of the amended complaint. Where the court has already dismissed plaintiff's claims against Naylor, and plaintiff has served properly defendant Guardian through service on the Secretary of State, (see DE 117-1), the court denies as moot plaintiff's motion seeking information regarding Naylor's address. See Fed. R. Civ. P. 4(h); N.C. Gen. Stat. § 55D-33.

B.      Motion to Add Additional Defendant (DE 118)

The court next addresses plaintiff's motion to add as defendant the Department of Veterans Affairs. (DE 118). Plaintiff requires leave of court to amend her complaint to join an additional defendant. See Fed. R. Civ. P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988).

The court previously dismissed plaintiff's claims against the United States, which claims were based in large part on alleged failures by the Department of Veterans Affairs to provide plaintiff medical care at a Veterans Affairs Administrative facility. (See DE 106). In dismissing these claims, the court determined that plaintiff failed to assert an actionable claim for negligence against the United States. (See id. at 15–16). Thus, to the extent plaintiff seeks to assert negligence claims against the Department of Veterans Affairs, the court denies plaintiff's motion. To the extent

6

plaintiff seeks to assert new claims against the Department of Veterans Affairs for violations of the Privacy Act, 5 U.S.C. § 552(a), (see DE 117), the court also denies plaintiff's motion on this basis, where such motion has been unduly delayed. See Deasy, 833 F.2d at 40 (indicating that a district court may deny a motion to amend "where the motion has been unduly delayed"). Accordingly, the court denies plaintiff's motion to add as defendant the Department of Veterans Affairs.

C.     Motion to Vacate (DE 119)

Pursuant to Federal Rule of Civil Procedure 60(b)(3) and (b)(4), plaintiff seeks to vacate the court's September 29, 2017, and November 20, 2017, orders.

A judgment may be set aside under Rule 60(d)(3) if the movant provides clear and convincing evidence of "fraud on the court." Fed. R. Civ. P. 60(3). Fraud on the court, as the Fourth Circuit has emphasized, is "not your garden-variety fraud." Fox v. Elk Run Coal Co., 739 F.3d 131, 135 (4th Cir. 2014) (citation omitted). The doctrine instead involves "corruption of the judicial process itself," Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 986 (4th Cir.1986) (citation omitted), and "should be invoked only when parties attempt the more egregious forms of subversion of the legal process." Fox, 739 F.3d at 136 (citation omitted). Because of its "constricted scope," the fraud on the court doctrine is generally "limited to situations such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Id. "Proving fraud on the court thus presents, under [existing] precedent, a very high bar for any litigant." Id. at 136–37.

Rule 60(b)(4), allows relief from a judgment that is void. Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity

7

to be heard." United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018) (internal citations omitted). Ordinarily, relief under Rule 60(b)(4) is reserved for those "exceptional case[s] in which the court that rendered judgment lacked even an arguable basis for jurisdiction. Id. (internal citations omitted). In determining whether a judgment is void, "courts must look for the rare instance of a clear usurpation of power, which is only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction. Id. at 534 (internal citations omitted).

First, plaintiff's allegations, even if true, do not entitle her to relief under Rule 60(d)(3). Plaintiff's allegations that the government provided false information to the court in its filings, particularly in filings supporting its motion for summary judgment, concern standard evidentiary disputes, and as such provide no basis for relief. See Cleveland Demolition, 827 F.2d at 987 ("If a routine evidentiary dispute, which occurs in virtually all trials, could justify an action for fraud on the court, then any losing party could bring an independent action to set aside the verdict, forcing extended proceedings in almost every case."). Accordingly, the court denies plaintiff's motion pursuant to Rule 60(d)(3).

Second, plaintiff's allegations do not entitle her to relief under Rule 60(b)(4). The court did not lack personal or subject matter jurisdiction or act contrary to due process of law. Contrary to plaintiff's suggestion, the court did not deprive her of due process of law. Plaintiff was given notice of the government's motion for summary judgment and was provided opportunity to present a response in opposition thereto, which opportunity plaintiff took advantage of. (See DE 72); see also United Student Aid Funds Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (indicating that due process requires the court to " afford [interested parties] an opportunity to present their objections"). Accordingly, the court denies plaintiff's motion pursuant to Rule 60(b)(4).

8

D.   Motion for Preliminary Injunction (DE 122)

Plaintiff seeks preliminary injunction restraining the government "from [allowing] all private doctors and health care providers in the United States to deny her medical treatment." (DE 122).

Rule 65 of the Federal Rules of Civil Procedure allows a court to enter preliminary injunctive relief prior to adjudication on the merits of the action. Fed. R. Civ. P. 65(a). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc, 129 S.Ct. 365, 375-76 (2008). To obtain a preliminary injunction, plaintiff must establish four requirements: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam); see also MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) ("court must consider (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the request is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest.").

Where the court previously dismissed plaintiff's claims against the United States for its alleged failure to provide her medical treatment, (see DE 106), and where plaintiff has provided no basis for reconsideration of its prior ruling, there are no claims against the United States pending

9

adjudication.[5] Accordingly, plaintiff fails to establish the requirements for issuance of preliminary injunction. Therefore, plaintiff's motion for preliminary injunction is denied.

  E.  Motion for Entry of Default (DE 121)

Lastly, plaintiff seeks entry of default against defendant Guardian pursuant to Rule 55(a). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A court cannot enter default judgment against a party that has not been served properly, since service of process constitutes "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party to be served." See United States v. Perez, 752 F.3d 398, 406 (4th Cir. 2014).

Under Rule 4 of the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The time limits set forth in Rule 4(m) require that plaintiff serve all defendants within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). In addition, "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*). "Except for service by a United States marshal or deputy marshal, proof of service must be by the server's affidavit." Fed. R. Civ. P. 4(*l*) (emphasis added). If plaintiff fails to effect service within this 90-day window, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice. Id. However, if plaintiff shows good cause for its failure to effect service, the court must extend time for service for an appropriate period. Id.

---

[5] To the extent plaintiff's amended complaint asserts claims against the Department of Veterans Affairs, as addressed further herein, the court denies plaintiff's request to add that entity as party to this action.

With respect to serving a corporation, the rule provides that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and— if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Id. 4(h)(1). Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Id. 4(e)(1). As relevant here, pursuant to N.C. Gen. Stat. § 55D-33, service on an entity through the North Carolina Secretary of State, when the entity's agent cannot be found at the registered office, "is effective for all purposes from and after the date of the service on the Secretary of State."

Here, pursuant to court order, plaintiff filed amended complaint on February 22, 2018. (See DE 117). Attached to plaintiff's amended complaint was a declaration of service. Therein, plaintiff asserts that on February 21, 2018, she sent by certified mail, return receipt requested, a copy of the amended complaint and court's November 20, 2017, order to Angelique Lanier, Service of Process Agent for the North Carolina Secretary of State. Copies of the certified mail receipt and United States Postal Service receipt were attached to plaintiff's declaration.

Plaintiff's declaration of service, certified mail receipt, and USPS receipt are insufficient to establish proof of service. See Fed. R. Civ. P. 4(*l*). While these documents suggest that plaintiff has expended some efforts to serve defendant by certified mail sent to the Secretary of State, see Fed. R. Civ. P. 4(e)(1) (permitting service according to state law); N.C. Gen. Stat. § 55D-1 (permitting service of corporations by service on the Secretary of State), said documents do not contain

11

sufficient information to establish that defendant has in fact been served. Although the certified mail receipt suggests that a package was sent, it fails to indicate that anyone signed for post that may have been contained therein and that the Secretary of State actually received a copy of the amended complaint. Accordingly, plaintiff's declaration of service fails to establish service of process.

Where plaintiff has not demonstrated proper service, the court cannot enter default judgment against defendant. See United States v. Perez, 752 F.3d at 406. Therefore, plaintiff's request for entry of default, such motion must be denied. Where the court previously noticed plaintiff that failure to serve properly defendant Guardian with any amended complaint would result in dismissal of her claims, the court dismisses plaintiff's claims against defendant Guardian.

CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion for miscellaneous relief (DE 116) and DENIES plaintiff's motion to add as defendant the Department of Veterans Affairs (DE 118). The court also DENIES plaintiff's motion to vacate its prior orders dated September 29, 2017, and November 20, 2017, (DE 119), and plaintiff's motion for preliminary injunction. (DE 122). Plaintiff's motion for entry of default also is DENIED. Where the court previously noticed plaintiff that failure to serve properly defendant Guardian with any amended complaint would result in dismissal of her claims, the court DISMISSES plaintiff's claims against defendant Guardian. Where no claims remain, the clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of August, 2018.

LOUISE W. FLANAGAN
United States District Judge