IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-73-FL

| | |
|---|---|
| PAMELA MELVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA; ) | |
| GUARDIAN HART MEDICAL CARE; ) | ORDER |
| TRACY NAYLOR also known as TRACY ) | |
| HAUKER; GINGER HUNSUCKER; ) | |
| KATHY REED; VENKATA G. ) | |
| BOODULURI; MASSEY HILL DRUG ) | |
| COMPANY, INC.; MASSEY HILL ) | |
| PHARMACY, LLC; and JONNA ) | |
| SQUIRES; ) | |
| ) | |
| Defendants. | |

This matter comes before the court on plaintiff's motions for new trial or in the alternative to alter or amend judgment under rules 59d and 59e (DE 125, DE 134). The issues raised are ripe for ruling. For the reasons that follow, plaintiff's motions are denied.

**BACKGROUND**

The court refers to and incorporates statements of the case and facts provided in its previous orders. (See, e.g., DE 123 at 2–5).

On August 8, 2018, the court entered an order denying plaintiff's motion seeking information regarding Tracy Naylor's address, denying her motion to add the Department of Veteran's Affairs as defendant, denying motion to vacate, denying motion for entry of default against Guardian Hart Medical Care, and denying motion for preliminary injunction. (DE 123). Additionally, because the

court previously noticed plaintiff that failure to serve properly defendant Guardian with any amended complaint would result in dismissal of her claims, the court dismissed plaintiff's claims against Defendant Guardian, and directed the clerk to close the case. (DE 123).

Plaintiff then filed an appeal to the Fourth Circuit, (DE 127), as well as the instant motions for new trial or in the alternative to amend or alter the judgment. (DE 125, DE 134).

## DISCUSSION

Plaintiff files motions for new trial or to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59. The court first address plaintiff's motion for new trial, then addresses plaintiff's motion to alter or amend the judgment.

A.     Motion for new trial (DE 125, 134)

Federal Rule of Civil Procedure 59 provides grounds for a motion for new trial "after a jury trial" or "after a nonjury trial." Fed. R. Civ. P. 59(a)(1). Here, plaintiff's claims were dismissed for failure to properly perfect service against defendants. (DE 109, 123). Plaintiff's claims never went to trial. Therefore, her motion for new trial is denied.

B.     Motion to alter or amend judgment (DE 125, 134)

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The court may grant such a motion only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." Id.

Plaintiff's motion seeking to amend or alter judgment fails because she does not allege any permissible ground for altering or amending the court's judgment. The judgment of the court was entered because of plaintiff's failure to perfect service on defendant Guardian. (DE 123, DE 124). Plaintiff does not allege, and the court is not aware of, any intervening change in controlling law pertaining to service that would merit an alteration of the judgment in this case. Additionally, plaintiff fails to allege "manifest injustice" because the court alerted her that service of defendant Guardian was deficient in this case. (DE 109) ("Plaintiff is NOTICED that her failure to file amended complaint within the appropriate time or failure to serve defendant Guardian timely, absent court-ordered time extension, will result in dismissal of her claims against defendant Guardian with prejudice, and the closing of this case."). Service of defendant Guardian was within plaintiff's power to accomplish and plaintiff failed to properly serve defendant Guardian. Therefore, the court denies plaintiff's motion to alter or amend judgment.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motions for new trial or in the alternative to alter or amend judgment (DE 125, 134).

SO ORDERED, this the 26th day of November, 2018.

LOUISE W. FLANAGAN
United States District Judge